```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                    :
DARELL ANDRE FULLER,                :
                                    :
           Plaintiff,               :   Civ. No. 12-7025 (NLH)
                                    :
    v.                              :   OPINION
                                    :
FCI MANCHESTER HEALTH               :
    SERVICE, et al.,                :
                                    :
           Defendants.              :
_____:
```

APPEARANCES:

Darell Andre Fuller
1201 Cedar Lane Road
Apt #A-43
Greenville, SC 29617
    Plaintiff, pro se

Elizabeth Ann Pascal
Office of the United States Attorney
401 Market St.
P.O. Box 2098
Camden, NJ 08101
    Counsel for Defendants

HILLMAN, District Judge

   This matter is before the Court upon Plaintiff's application to proceed in forma pauperis (ECF No. 26), a motion filed by Defendants seeking dismissal and summary judgment (ECF No. 32), and a letter received from Plaintiff on March 20, 2015 (ECF No. 33). For the reasons set forth below, Plaintiff's request to proceed in forma pauperis will be granted, his request for pro bono counsel is denied, and Defendants' Motion to Dismiss and for Summary Judgment is dismissed.

I.   PROCEDURAL HISTORY

On or about June 20, 2012, Plaintiff Darell Andre Fuller submitted a complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that he received inadequate medical care for injuries to his wrist and knee while incarcerated at several different federal correctional institutions. (ECF No. 1).

On June 20, 2012, the United States District Court for the Eastern District of Pennsylvania granted Plaintiff's application to proceed in forma pauperis and issued an Order to Answer. (ECF No. 2).  On October 10, 2012, the Honorable Michael M. Baylson ordered that the case be transferred from the Eastern District of Pennsylvania to the District of New Jersey (ECF No. 9).

In light of the previously issued order to answer, this Court issued summons and directed Defendants to file a responsive pleading on December 3, 2012. (ECF No. 11).  On April 1, 2013, the Court denied Plaintiff's Motion to Appoint Pro Bono Counsel. (ECF No. 16).  Plaintiff, who has been released from prison since the filing of this Complaint, filed another application to proceed in forma pauperis. (ECF No. 26).

On December 8, 2014, Defendants filed a Motion to Dismiss and for Summary Judgment, which is currently pending before this Court. (ECF No. 32).  To date, Plaintiff has not filed a response.  Instead, the Court received a letter from Plaintiff

2

on March 20, 2015, in which Plaintiff again requests the appointment of pro bono counsel. (ECF No. 33).

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court notes that Plaintiff was previously granted in forma pauperis status by the district court in the Eastern District of Pennsylvania. (ECF No. 2). At that time, Plaintiff was incarcerated; thus he was subject to the Prison Litigation Reform Act's ("PLRA") filing fee requirements and was "required to pay the full amount of a filing fee," subject to payment on an installment plan. 28 U.S.C. § 1915(b)(1)-(2); see also Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015).

Plaintiff's subsequent release from prison does not relieve him of his obligation under the PLRA to pay this filing fee, or any portion thereof which has not yet been paid. See Drayer v. Attorney Gen. of State of Delaware, 81 F. App'x 429, 430-31 (3d Cir. 2003). Accordingly, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 26).

In his application, Plaintiff certifies that he is unable to pay any fees and he submits an affidavit which includes a statement of all assets. The Court finds this application to be complete pursuant to 28 U.S.C. § 1915(a). Therefore, to the extent Plaintiff owes any remaining amount of the filing fee,

3

the Court grants him leave to proceed in forma pauperis and he is relieved of his obligation to pay the remainder. See 28 U.S.C. § 1915(b); Siluk, 783 F.3d at 433 n.71 (citing McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996) (construing the PLRA to "require [ ] partial fee payments ... only while the prisoner remains in prison, and that, upon his release, his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for i.f.p. status.")).

B. Appointment of Pro Bono Counsel

In his letter dated March 16, 2015 (ECF No. 33), Plaintiff again requests the appointment of pro bono counsel. Specifically, Plaintiff states that he has medical records and paperwork from his worker's compensation claim settlement that he wishes to enter into evidence. Plaintiff explains that he has had four surgeries in the last two years and he states that this case will require the testimony of expert witnesses. Plaintiff asserts that this case involves legally complex issues which warrant the appointment of counsel.

1. Standard

The court may, pursuant to § 1915(e), request an attorney to represent an indigent plaintiff in a civil action. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). District

4

courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002); see also Speller v. Ciccero, No. 13-1258, 2013 WL 1121377, at *1 (D.N.J. Mar. 12, 2013).

The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors (hereafter, the "Tabron/Parham factors"):

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, nor is any one factor determinative. Id. at 458.

5

Rather, the Tabron/Parham factors should serve as a guidepost to ensure that courts will only appoint counsel in non-frivolous matters. Id.

If a pro se plaintiff is incarcerated, a court should additionally consider constraints caused by detention, such as whether photocopiers, telephones, and computers are made available to the prisoner plaintiff's use. Tabron, 6 F.3d at 156. This factor weighs against appointing counsel if a court ultimately concludes that a plaintiff has the baseline ability to adequately present his case. See Gordon v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007).

2. Analysis

In the present motion, Plaintiff states that pro bono counsel is warranted because of the "complexity of the legal issues" involved. (Letter Requesting Pro Bono Counsel 2, ECF No. 33). However, Plaintiff fails to address the remaining Tabron/Parham factors which the Court outlined for him in its previous Order denying the appointment of pro bono counsel. (ECF No. 16).

With respect to the first Tabron/Parham factor, Plaintiff has failed to "provide this Court with additional information concerning his literacy, educational background and prior work experience, or any other facts impacting his ability to present this case" as instructed in the Court's previous Order. (Order

6

Denying Pro Bono Counsel 4, ECF No. 16). Moreover, it is evident that Plaintiff is sufficiently able to represent himself. The contours of Plaintiff's underlying argument are clear and, as the record in this case reflects, Plaintiff is capable of filing motions and other documents. Plaintiff's instant letter references, with accuracy, relevant case law and specific filings on the docket. (ECF No. 33). In light of Plaintiff's abilities, the first Tabron/Parham factor weighs against the appointment of counsel.

The second factor for consideration is the complexity of the legal issues presented. A court should be more inclined to appoint counsel when the legal issues are complex. See Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Also, as Plaintiff points out, a "case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." Montgomery v. Pinchak, 294 F.3d 492, 502 (3d Cir. 2002). This factor is the crux of Plaintiff's argument.

The Third Circuit explained in Montgomery that deliberate indifference allegations can raise sufficiently complex legal issues because "even where 'the ultimate [legal] issue appears

7

relatively simple ... [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim."' Id. (citing Parham, 126 F.3d at 459)). Specifically, the plaintiff in Montgomery had difficulty "complying with requirements for formulating discovery requests [which] hindered the presentation of his claim." Id. at 503.

In this case, however, Plaintiff does not allege that he has had difficulty obtaining discovery. To the contrary, Plaintiff states that he "has all the documents to which factual investigation will be necessary." (Letter Requesting Pro Bono Counsel 2, ECF No. 33). Thus, Plaintiff already has in his possession the medical records and documentation which he believes support his claim. Further, Defendants have filed their responsive pleading, in the form of a Motion to Dismiss and for Summary Judgment (ECF No. 33), and have attached substantial documentation, including Plaintiff's prison medical records.[1] Thus, the discovery issues present in Montgomery — which rendered the case sufficiently legally complex to warrant the appointment of counsel — are absent from the instant case.

---

[1] The Court notes that Plaintiff asserts in his letter that "each doctor [will] have to be interview[ed.]" (Letter Requesting Pro Bono Counsel 2, ECF No. 33). To the extent Plaintiff believes that additional discovery is needed, he may request same from Defendants or file an appropriate motion, if necessary. Moreover, Plaintiff may raise this argument in opposition to a future motion filed by Defendants.

This Court does not find the legal issues regarding this claim to be unduly complex; therefore, the second Tabron/Parham factor weighs against the appointment of counsel.

The third factor is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. Where claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156. As set forth above, Plaintiff does not assert that he has had difficulty obtaining relevant information and he indicates that he is in possession of medical records and other documentation which support his claim. Accordingly, the third Tabron/Parham factor weighs against the appointment of counsel.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though many cases turn on credibility determinations, this factor weighs towards appointing counsel if the case is "solely a swearing contest." Parham, 126 F.3d at 460. Thus, a court should be aware of "the degree to which credibility is at issue." Wassell v. Younkin, No. 07-326, 2008 WL 73658, at *4 (W.D. Pa. Jan. 7, 2008). Given the extensive documentation in this case and the straightforward set of facts upon which Plaintiff's claims are premised, it is unlikely that the success or failure of

9

Plaintiff's claims will turn on credibility determinations. Accordingly, the Court finds that the fourth Tabron/Parham factor weighs against the appointment of counsel.

The fifth factor for consideration is the extent to which expert testimony may be required. Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156. However, the Third Circuit clarified that the appointment of counsel is not required in every case in which expert testimony may be warranted. See Lasko v. Watts, 373 F. App'x 196, 202 (3d Cir. 2010). In the case presently before the Court, Plaintiff asserts, without explanation, that expert testimony will be required. Given the clear standard for an Eighth Amendment deliberate indifference claim, and given that relevant documentation has already been produced by Defendants and is in the possession of Plaintiff, the need for expert testimony is not apparent at this time. Thus, the fifth Tabron/Parham factor weighs against the appointment of counsel.

The final factor addressed by the Third Circuit in Tabron and Parham is plaintiff's financial ability to attain and afford counsel on his own behalf. Parham, 126 F.3d at 461. As set forth above, Plaintiff in this case has been granted leave to proceed in forma pauperis; accordingly, the Court finds that the

10

sixth Tabron/Parham factor weighs in favor of granting Plaintiff's motion.

After consideration of the aforementioned factors, the majority of the Tabron/Parham factors do not support the appointment of pro bono counsel. Therefore, the Court will deny Plaintiff's motion at this time.

C. Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 32)

As discussed above, Defendants have not filed an Answer and, instead, have filed a "hybrid motion" which includes elements of a motion to dismiss in lieu of an answer, as well as elements of a motion for summary judgment. However, Defendants' brief (ECF No. 32-1) does not specifically indicate the Rule(s) under which its motion to dismiss is filed; nor does it set forth the standard for a motion to dismiss, or the standard for a motion for summary judgment.[2] Additionally, given that the

---

[2] The Court notes that Defendants clarify in their Notice of Motion (ECF No. 32) that their first ground for relief requests dismissal based on lack of personal jurisdiction, pursuant to Rule 12(b)(2); and that their third ground for relief seeks dismissal of claims against PA Wickard because he is statutorily immune from civil liability under 42 U.S.C. § 233(a), pursuant to Rule 12(b)(1). See FED. R. CIV. P. 12(b)(2) (asserting defense based on lack of personal jurisdiction); FED. R. CIV. P. 12(b)(1) (asserting defense based on lack of subject-matter jurisdiction). With respect to Defendants' second ground for relief — that Plaintiff failed to exhaust administrative remedies — Defendants ask the Court to consider matters outside the pleadings and, thus, the motion would have to be treated as one for summary judgment. See FED. R. CIV. P. 12(d); see also

11

Third Circuit has emphasized the importance of notice requirements, particularly when a plaintiff is a pro se prisoner, see Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010), this Court is concerned with the adequacy of the notice provided to Plaintiff in this case.

Moreover, this Court has reservations concerning the appropriateness of such "hybrid motions" in general. A court in this district has discussed this issue and succinctly expressed its disfavor for motions of this type:

> Rule 12 authorizes and requires one pleading in response to a complaint, i.e., an answer. See Fed. R. Civ. P. 12(a)(1) (A) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent"); see also Fed. R. Civ. P. 7(a) (2).  Rule 12(b), (e) and (f) require certain motions to be made "before" filing an answer. Rule 12(b) provides that "[a] motion asserting any of the [ ] defenses [specified in Rule 12(b)(1)-(6) ] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  Rule 12(e) requires a motion for a more definite statement to "be made before filing a responsive pleading," and Rule 12(f)(2) requires defendant to move to strike redundant, immaterial, impertinent, or scandalous matter "before responding to the pleading." Fed. R. Civ. P. 12(e) and (f)(2).
>
> The language of Rule 12(g) inhibits the joinder of motions with a Rule 12 motion. See Fed. R. Civ. P.

---

Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (plaintiff is not required to specially plead or demonstrate exhaustion in his complaint).  Finally, Defendants explicitly seek summary judgment as to their fourth and fifth grounds for relief.  However, Defendants fail to set forth the standard for summary judgment under Rule 56 in their brief.

12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule"). Rule 12(d) permits a district court to convert a motion under Rule 12(b)(6) or 12(c) to a summary judgment motion under limited circumstances and after notice to the non-moving party. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). But, as will be explained, Rule 12 does not authorize a motion for summary judgment or a motion to dismiss and for summary judgment, as made in this case, to be filed in lieu of an answer.

Rule 56 authorizes a party to file a summary judgment motion at any time until 30 days after the close of discovery, see FED. R. CIV. P. 56(b), provided the motion identifies each claim, or part of each claim, on which summary judgment is sought. See FED. R. CIV. P.56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought").

Compliance with the notice requirements and joinder limitations of Rules 12 and 56 is particularly important where the plaintiff is a pro se prisoner. See Renchenski v. Williams, 622 F.3d 315, 340–41 (3d Cir. 2010). In Renchenski, the Third Circuit instructed "State and Federal Governments, as well as our district courts, [to] work together to ensure pro se prisoner-plaintiffs receive adequate notice of an imminent motion for summary judgment." Renchenski, 622 F.3d at 340–41. To this end, Renchenski requires the following notice for pro se prisoners whenever the court converts a Rule 12(b)(6) motion to a Rule 56 motion:

> We agree with the majority of our sister circuits that adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit.

13

Renchenski, 622 F.3d at 340 (footnote omitted).

The Renchenski Court cited several decisions of sister circuits with approval, including Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982). In Lewis v. Faulkner, the district court dismissed a pro se prisoner's civil rights complaint where, instead of filing an answer, defendants filed "something called 'Motion To Dismiss, Or In The Alternative, For Summary Judgment.'" Lewis, 689 F.2d at 101. The Seventh Circuit reversed the district court's order of dismissal on the ground that "a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits" to a hybrid motion to dismiss or for summary judgment. Id. at 102. As the Seventh Circuit explained:

> The lack of explicit notice would not be troubling if it were obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial. But this aspect of federal civil practice is contrary to lay intuition, which is that the first step in a civil litigation is the filing of a complaint, the second the filing of an answer, and the third the trial of the case. The defendants here filed no answer. Their first pleading was the motion. It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial. We credit the plaintiff with knowing that if his case was tried and he failed to present evidence he would lose.... But we do not think he can be charged with the further knowledge that a failure to offer affidavits when his opponent files something called "Motion to Dismiss, Or In The Alternative, For Summary Judgment" is an equivalent default.

Lewis, 689 F.2d at 101.

> In this case, without having filed an answer, a hybrid motion like the one filed here, does not comply with the above described requirements of Rules 12 and 56 or satisfy the Renchenski court's directive to provide clear notice to pro se prisoners regarding what they must do to avoid losing a summary judgment motion. Cf. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (specifying contents of notice and holding that notice must be provided at the time the summary judgment motion is made); Bryant v. Madigan, 91 F.3d 994 (7th Cir. 1996) (finding notice provided confusing and inadequate). It follows from Renchenski and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant. Instead, as required by Rule 12, a defendant must file either an answer or a motion under Rule 12(b), (e), or (f)(2), within the time limits set forth in Rule 12(a)(1)(A).

Visintine v. Zickefoose, No. 11-4678, 2012 WL 6691783, at *1-3 (D.N.J. Dec. 21, 2012).

This Court finds the analysis in Visintine, and the cases cited therein, to be persuasive. See also Mazariegos v. Monmouth Cnty. Corr. Inst., No. 12-5626 FLW, 2014 WL 1266659, at *5 (D.N.J. Mar. 25, 2014) ("a defendant should avoid filing a hybrid motion to dismiss that does not comply with the governing rules, and which creates unnecessary confusion for a pro se litigant"); Laboy v. Ontario Cnty., N.Y., 56 F. Supp. 3d 255, 260 (W.D.N.Y. 2014) (same) (collecting cases); Rivera-Santiago v. Abbott Pharm. PR, Ltd., 608 F. Supp. 2d 216, 223 (D.P.R. 2008) (prohibiting hybrid motions to "avoid the confusion and delay associated with a 'hybrid motion to dismiss and/or summary judgment.'"). Accordingly, this Court finds that Defendants'

15

motion in this case is unnecessarily confusing, procedurally improper, and inconsistent with the reasoning of Renchenski. Furthermore, Plaintiff in this case has not responded to Defendants' motion, which indicates a lack of understanding regarding the consequences of his failure to respond to the pending motions.

For these reasons, the Court will dismiss Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 32). Defendants are free to refile their motions as separate, procedurally appropriate, filings.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis (ECF No. 26) is granted and Plaintiff's request for pro bono counsel (ECF No. 33) is denied without prejudice. Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 32) is dismissed. Defendants are free to refile their motions as separate, procedurally appropriate, filings.

An appropriate Order will follow.

                                                  __s/ Noel L. Hillman
                                                  NOEL L. HILLMAN
                                                  United States District Judge

Dated: August 24, 2015
At Camden, New Jersey