UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DARELL ANDRE FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FCI-MANCHESTER HEALTH SERV., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

## I.

Plaintiff Darell Andre Fuller is a former inmate who was released from federal custody in 2012. [Record No. 4] Shortly before his release, Fuller filed this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in the United States District Court for the Eastern District of Pennsylvania. Fuller alleged that, since 2002, the medical directors at six different federal prisons denied him proper medical care regarding a meniscus tear in his right knee and an injury to his left wrist. [Record No. 3 at pp. 2-3, 11-15] Fuller was housed at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester") from December 5, 2001, until his transfer to the Federal Correctional Institution in Edgefield, South Carolina on January 7, 2003. [Record No. 32-1 at p.

2 n.3]  Dr. Gonzalez-Clanton was the Clinical Director at FCI-Manchester during the period in question.  [Record Nos. 32-1 at p. 7; 40-1]  He has since retired.

The United States District Court for the Eastern District of Pennsylvania granted Fuller's motion to proceed *in forma pauperis*.  However, in October 2012, that court transferred the action to the United States District Court for the District of New Jersey on venue grounds because all of the prisons and defendants were located outside of Pennsylvania.  [Record Nos. 2, 9]  Following that transfer, United States District Court for the District of New Jersey promptly ordered federal marshals to serve process upon the United States Attorney for that district.  [Record No. 11]  Service was not properly effected until September 2014.  [Record No. 30]

Following service, the defendants moved to dismiss the Complaint, asserting numerous grounds for relief including Fuller's failure to file any administrative remedies regarding his medical care at any point before 2008.  [Record No. 32]  Fuller did not respond to the motion.  Instead, three months later, he filed a third motion to appoint counsel.  [Record No. 33]  In August 2015, the Court denied Fuller's motion and also denied the defendants' motion to dismiss on procedural grounds.  [Record Nos. 34, 35]

The defendants then moved to dismiss the claims against all of the medical directors from states other than New Jersey for lack of personal jurisdiction.  [Record No. 39]  Fuller again failed to respond the motion.  However, he filed a fourth motion

to appoint pro bono counsel. [Record No. 42] In an Order dated March 28, 2016, the Court agreed that personal jurisdiction was lacking, but in lieu of dismissal, it chose to sever the claims unrelated to the forum state and transfer them pursuant to 28 U.S.C. § 1406(a) to the federal district courts with personal jurisdiction over the appropriate prison medical director. [Record No. 43 at pp. 18-23, 44]

As the District of New Jersey stated in its transfer Order, Fuller's claim against the FCI-Manchester Medical Director is based upon his allegation that, in 2002, after his knee injury Fuller began "going back and forth with medical staff and the clinic director" regarding his request to have a MRI taken of the injury. [Record No. 43 at pp. 2-3] The Court also noted that Fuller's claims arising out of conduct in Kentucky, South Carolina, and Georgia all appeared to be time-barred under the applicable statute of limitations. [*Id*. at pp. 23-24]

## II

Because Fuller was granted permission to proceed *in forma pauperis* [Record No. 1], this Court must conduct a preliminary review of his Complaint. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Federal law requires "the court [to] dismiss the case *at any time* if the court determines" the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) (emphasis added). When testing the sufficiency of Fuller's Complaint on initial

screening, the Court affords it a liberal construction, accepting as true all non-conclusory factual allegations and construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

As the defendants asserted and the transferor court concluded, Fuller's Eighth Amendment claims are clearly time-barred. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. Cf. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008) (reversing dismissal upon screening of certain claims for failure to plead exhaustion of administrative remedies, but affirming dismissal of other claims as barred by the statute of limitations); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.")

Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The medical care about which Fuller now complains occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for

asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). The Kentucky-related medical care which forms the basis for this severed action was provided while Fuller was confined in FCI-Manchester from December 5, 2001 to January 7, 2003. [Record No. 32-1 at p. 2 n.3] And because he was already "going back and forth with medical staff and the clinic director" about his MRI request at that time [Record No. 3 at p. 11], his claim accrued during this period. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because Fuller did not file suit until more than nine years after the latest conceivable date his claims could have accrued, his claims are barred by the applicable statute of limitations. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

In addition, the defendants previously filed a motion to dismiss the Complaint on non-jurisdictional grounds, including Fuller's failure to timely and properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). [Record No. 32 at pp. 15-18] Fuller first filed an inmate grievance regarding treatment for his knee or wrist injuries on August 19, 2008, at least six years after his treatment at

FCI-Manchester had concluded. This grievance was fully exhausted when the Central Office denied his final appeal on July 22, 2009. [Record No. 32-4 at pp. 2-3] Accordingly, the defendants argued that "because Plaintiff failed to properly exhaust his available administrative remedies for any medical issues that arose prior to August 19, 2008, all issues relating to the adequacy of medical care provided at FCI Manchester, FCI Edgefield, FCI Williamsburg, and FCI Jesup before July 29, 2008, must be dismissed." [Record No. 32 at p. 17] Fuller did not respond to this motion.

The United States District Court for the District of New Jersey denied the defendants' motion on procedural grounds, concluding that a "hybrid" motion to dismiss/motion for summary judgment was improper in light of Third Circuit law requiring a district court to give a *pro se* party "a paper copy of the [Order converting a Rule 12 motion to a Rule 56 motion], as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." [Record No. 43 at pp. 12-15 (citing *Renchenski v. Williams*, 622 F.3d 315, 340–41 (3d Cir. 2010).] However, the Third Circuit noted in *Renchenski*, the Fifth, Sixth, and Ninth Circuits have taken the opposite view, concluding that parties proceeding without counsel are not entitled to have the trial court affirmatively act on their behalf by providing them with legal counsel regarding summary judgment procedure. *Renchenski*, 622 F.3d at 340 (citing *Brock v. Hendershott*, 840 F.2d 339,

343 (6th Cir. 1987) ("This circuit has never directly addressed the issue of what procedural help, if any, a nonprisoner pro se defendant is entitled to receive. We are persuaded that no special assistance is required …")).

The Sixth Circuit's view is also consistent with that expressed by the Supreme Court:

> Although our rules of procedure are based on the assumption that litigation is normally conducted by lawyers ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (internal quotation marks omitted). More recently, the Sixth Circuit has repeated its precedent that "[o]rdinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions." *McKinney v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) (district court was not obligated to give parties without counsel notice that they were required to respond to dispositive motion or of the consequences for their failure to do so).

The Court does not lightly disagree with the transferor's conclusion on this point: the law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). However, the

doctrine merely "directs a court's discretion, it does not limit the tribunal's power." *Id.*; *Scott v. Churchill*, 377 F. 3d 565, 570 (6th Cir. 2004). And "… as a general rule the law of the transferee court applies after a § 1406 transfer . . ." *Flynn v. Greg Anthony Const. Co., Inc.*, 95 F. App'x 726, 732 n. 5 (6th Cir. 2003). See also *Murphy v. F.D.I.C.*, 208 F. 3d 959, 965 (11th Cir. 2000) ("The Second, Eighth, and Ninth Circuits uniformly have agreed with the D.C. Circuit that in cases where federal law is at issue, transferee courts are obligated to follow their own interpretation of the relevant law.").

This result is particularly appropriate here because the lack of personal jurisdiction over the Clinical Director at FCI-Manchester means that Fuller could never have properly brought this action in the District of New Jersey, and hence should be subject to the Sixth Circuit's interpretation of the relevant law. See *Manley v. Engram*, 755 F.2d 1463, 1470 (11th Cir. 1985) ("Where the plaintiff brings suit in an improper forum and the defendant raises a timely objection resulting in transfer under § 1406(a) or § 1404(a), the transferee court's choice of law rules must be applied in order to prevent a plaintiff from suing in a forum lacking personal jurisdiction or venue 'for the purpose of capturing the law of that jurisdiction for transportation to the jurisdiction in which service can be obtained.'").

Federal law requires that every inmate properly and timely exhaust his administrative remedies before he may file suit regarding his claims. 42 U.S.C. §

1997e(a).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . .", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Here, the defendants provided unrefuted evidence that Fuller made ample use of the Bureau of Prisons' inmate grievance system.  However, he did not file any grievance regarding medical care for his knee or wrist injuries until August 19, 2008.  This was more than five and one-half years after he was transferred out of FCI-Manchester on January 7, 2003.  [Record Nos. 32-4 at pp. 2-3; 32-8]  The evidence presented conclusively established that Fuller failed to exhaust his administrative remedies as required by federal law.  Further, the plaintiff made no effort to contradict that evidence or provide an explanation or justification for his failure to satisfy this condition precedent to suit.  Therefore, Fuller's claim under *Bivens* must be dismissed.  *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 224-25 (6th Cir. 2011).  Accordingly, it is hereby

**ORDERED** as follows:

1. Fuller's Complaint [Record No. 3] is **DISMISSED WITH PREJUDICE**.

2. This matter is **STRICKEN** from the docket.

This 7th day of April, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge